IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEIDRE HORSEY,

    *Plaintiff*,

    v.

UNITED STATES OF AMERICA, *et al.*

    *Defendants*.

Civil Action No. ELH-14-03844

**MEMORANDUM OPINION**

This case arises from the tragic death of Jy'Zhir Horsey, the infant son of Deidre Horsey ("Ms. Horsey") and Don Hanna, and involves claims of medical malpractice with respect to obstetric care provided to Ms. Horsey.

On December 10, 2014, plaintiff Deidre Horsey, individually and as personal representative of the Estate of Jy'Zhir Horsey ("Jy'Zhir"), and to the use of Don Hanna, filed suit against the United States of America (the "Government"), Three Lower Counties Community Services, Inc. ("Three Counties"), and Peninsula Regional Health System, Inc., d/b/a/ Peninsula Regional Medical Center (collectively, "Peninsula").[1]  Ms. Horsey alleges that defendants provided negligent obstetric care to her and to Jy'Zhir in March 2012, resulting in the death of Jy'Zhir on April 25, 2012.  Among other things, plaintiff claims defendants failed to recognize that the baby was in fetal distress during Ms. Horsey's labor and failed to undertake a timely

---

[1] Although the caption of the Complaint indicates that Peninsula Regional Health System, Inc. is "doing business as" Peninsula Regional Medical Center, both Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. refer to themselves as separate entities.  *See* ECF 28.  For ease of reference, I will refer to both collectively as "Peninsula."

delivery by Cesarean Section. ECF 1 at 5. According to plaintiff, as a result of the negligent medical care, the infant "sustained catastrophic anoxic brain injury and died from his injuries. . . ." *Id.*

The Complaint contains two counts. One is for wrongful death and the other is a survival action. *Id.* at 3-7. Plaintiff asserts this Court has subject matter jurisdiction "in part under the Federal Tort Claims Act ["FTCA"], 28 U.S.C. § 1346(b), 2671-2680." *Id.* at 2. She alleges supplemental jurisdiction "over the non-federal defendants [*i.e.*, Peninsula] pursuant to 28 U.S.C. § 1367." *Id.*

Three motions are currently pending. One is a motion to dismiss for improper venue, or in the alternative, for intra-District transfer, and the other two are motions to dismiss.

The case was originally assigned to District Judge George J. Hazel, in the Southern Division of this District. On February 13, 2015, Peninsula filed a "Motion to Dismiss for Improper Venue, or, In the Alternative, Motion to Transfer Action for the Convenience of the Parties and Witnesses." ECF 21 ("Transfer Motion"). Peninsula sought, *inter alia*, a transfer of the case from the Southern Division to the Northern Division. Plaintiff consented to Peninsula's request to transfer, ECF 25, and the case was reassigned to this Court, in the Northern Division, on March 11, 2015.

The Government filed a Motion to Dismiss (ECF 23, "FTCA Motion") on February 26, 2015, pursuant to Fed. R. Civ. P. 12(b)(1), accompanied by a memorandum of law (ECF 23-1, "FTCA Memo"). In its FTCA Memo, the Government argues that this Court lacks subject matter jurisdiction because plaintiff failed to file suit within six months after notice of final denial of her administrative claim, as required by 28 U.S.C. § 2401(b). ECF 23-1 at 7. The

Government also asked the Court to dismiss plaintiff's claim against Three Counties, arguing that Three Counties is not a proper defendant under 28 U.S.C. § 2679(a). *Id*. at 6.

On March 16, 2015, plaintiff submitted two responses in opposition to the FTCA Motion: a response (ECF 26, "FTCA Response") and an amended response (ECF 27, "Amended FTCA Response"). In those responses, plaintiff opposed both of the Government's requests. ECF 26; ECF 27. On April 2, 2015, the Government filed a "Consent Motion to Dismiss [Three Counties]," ECF 30 ("Consent Motion"), in which it stated that plaintiff consented to the Government's motion to dismiss Three Counties. Therefore, I granted the Consent Motion the same day, dismissing Three Counties as a defendant. ECF 32 (Marginal Order).

Plaintiff continues to oppose the Government's motion to dismiss the suit as against the United States. *See* ECF 30 at 2. The Government has replied. ECF 31 ("Reply").

On March 17, 2015, defendant Peninsula filed a Motion to Dismiss (ECF 28, "Peninsula Motion"), also pursuant to Fed. R. Civ. P. 12(b)(1), arguing that if this Court dismisses plaintiff's FTCA claims against the federal defendants, this Court should dismiss plaintiff's remaining claims against Peninsula for lack of jurisdiction. Plaintiff has responded to the Peninsula Motion but has not expressly opposed it. ECF 29 ("Peninsula Response"). She argues that the Peninsula Motion is premature, because the FTCA Motion is "still pending." *Id*. at 1. But, she adds that, "[i]n the event that the federal claims are dismissed … ," plaintiff "should be afforded the opportunity to voluntarily dismiss her non-federal claims rather than have them dismissed by the Court." *Id*.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. In light of the transfer of the case to the Northern Division, I shall deny ECF 21 as moot. For the reasons that

follow, I will grant, in part, and deny, in part, the Government's FTCA Motion (ECF 23).  I will dismiss plaintiff's claims against the Government, and I will deny as moot the Government's request to dismiss Three Counties as a defendant.  And, I will hold the Peninsula Motion (ECF 28) in abeyance, for fourteen days, to permit plaintiff the opportunity to file a motion to dismiss voluntarily her claims against Peninsula.

## I.  Factual and Procedural Background

Plaintiff claims that Jy'Zhir died as a result of allegedly negligent obstetric care provided to her by defendants on March 26, 27, and 28 in 2012, which allegedly resulted in the death of Jy'Zhir Horsey on April 25, 2012.  ECF 1 ¶¶ 5-13.  Plaintiff filed a claim against the United States of America with the United States Department of Health and Human Services ("HHS"); that claim was denied on November 4, 2013.  *Id.* ¶ 4.  With its FTCA Motion, the Government submitted a copy of plaintiff's notice of denial.  ECF 23-4 ("Denial Notice").  The Denial Notice is dated November 4, 2013.  *Id.* at 1.  And, the Government has included a copy of a United States Postal Service certified mail receipt, *id.* at 2, which shows that the Denial Notice was mailed the same day, November 4, 2013.  Plaintiff has not disputed the authenticity of these documents, or the date of mailing of the Denial Notice.  *See* ECF 26-1; ECF 27 (responses to the FTCA Motion).

Thereafter, plaintiff filed a medical malpractice claim with the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO").  *Id.* ¶ 3.  The Government submitted a copy of plaintiff's HCADRO claim with its FTCA Motion.  *See* ECF 23-5 ("HCADRO Claim").  Plaintiff has not disputed the authenticity of this document.  *See* ECF 26-1; ECF 27.  According to the time stamp on the HCADRO Claim, plaintiff filed it on May 6, 2014, naming the United

States and Peninsula.  ECF 23-5 at 1.  Plaintiff "elected to waive health claims arbitration" with the HCADRO.  ECF 1 ¶ 3.

As stated, plaintiff filed suit in federal court on December 10, 2014.  ECF 1.

## II.  Standard of Review

Fed. R. Civ. P. 12(b)(1) governs a challenge to a federal court's subject matter jurisdiction.  As discussed, *infra*, the Fourth Circuit has held that a plaintiff's failure to timely file FTCA claims deprives federal courts of jurisdiction over the claims.  Accordingly, the Government's FTCA Motion is properly adjudicated under Rule 12(b)(1).

A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true,'" or that other facts, outside the four corners of the complaint, preclude the exercise of subject matter jurisdiction.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *accord Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013).

The Government brings two factual challenges to Horsey's FTCA claims.  It argues, first, that Horsey's Complaint must be dismissed because she failed to file it in federal court within six months from the date of mailing of the Denial Notice.  ECF 23 at 1.  Second, in response to plaintiff's argument that her HCADRO Claim satisfied the FTCA's six-month filing requirement, *see* FTCA Response, ECF 26, the Government argues that, even if that were a valid interpretation of the FTCA requirement, plaintiff nonetheless failed to meet it because she commenced her HCADRO Claim more than six months after denial of her administrative claim.

*See* FTCA Memo, ECF 23-1 at 7 n.3.  The Government relies on matters outside the pleadings to support both arguments.  As stated, it submitted with its FTCA Motion a copy of plaintiff's Denial Notice, as well as a certified mail receipt, showing the date of mailing.  *See* ECF 23-4. And, it has submitted a copy of plaintiff's HCADRO Claim.  *See* ECF 23-5.

In a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.  In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may ... resolve the jurisdictional facts in dispute by considering evidence ... such as affidavits.") (citation omitted).  Accordingly, I will consider the Denial Notice and the HCADRO Claim as evidence on the question of the Court's subject matter jurisdiction.  *See Kerns*, 585 F.3d at 192.

### III.  Discussion

### A.  FTCA Motion: Claims Against the Government

A plaintiff may recover against the Government only to the extent that the Government has expressly waived sovereign immunity.  *See*, *e.g.*, *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (holding that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed") (internal quotations omitted).  Any "'limitations and conditions upon which the Government consents to be sued must be strictly

observed and exceptions thereto are not to be implied.'" *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

Congress enacted the FTCA as a waiver of sovereign immunity for claims against the Government for money damages "arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)).  With certain exceptions, the Act allows the Government to be held liable in tort "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  Although "substantive state law establishes—and circumscribes—FTCA causes of action, 'federal law defines the limitations period.'" *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011) (quoting *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991)).

The FTCA limitations period is codified at 28 U.S.C. § 2401(b), which provides as follows (emphasis added):

> *A tort claim against the United States shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or* unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The "'date of mailing' refers to the date on which the Government caused the final denial letter to go forward in the postal system." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md.), *aff'd*, 494 F. App'x 386 (4th Cir. 2012) (per curiam).  The Fourth Circuit has held that a plaintiff's failure to file suit within six months after the date of mailing is a jurisdictional

limitation that cannot be waived or tolled. *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990).[2]

Here, it is undisputed that plaintiff filed an administrative tort claim with HHS and that it was "denied" on November 4, 2013. *See* ECF 1 ¶ 4. It is also undisputed that HHS mailed a notice of denial of that claim to plaintiff on the same date, November 4, 2013. *See* Denial Notice, ECF 23-4 at 2; *see also* ECF 26-1; ECF 27 (not disputing date of mailing). Consequently, plaintiff had until six months after the date of mailing of the notice of final denial of her administrative claim—*i.e.*, early May 2014—to file suit in accordance with § 2401(b). However, plaintiff did not file suit in this Court until December 10, 2014, which is many months after the May 2014 deadline. *See* ECF 1.

In her first response to the FTCA Motion, plaintiff argues that the "filing of a claim in the Maryland Health Care Alternative Dispute Resolution Office (HCADRO) satisfies the requirement that a federal tort claim must be commenced with [sic] six months of the denial of the administrative claim." *See* FTCA Response, ECF 26-1 at 1-3.

As an initial matter, plaintiff appears to have abandoned this argument by filing her amended response hours later, without reasserting this argument. *See* Amended FTCA Response, ECF 27. Of relevance here, she stated: "This action was timely commenced within

_____

[2] The Supreme Court is currently considering the question of whether the FTCA's six-month filing requirement is jurisdictional, or whether it is subject to equitable tolling. *See United States v. Kwai Fun Wong*, 134 S. Ct. 2873 (2014) (granting certiorari to *Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc) (holding requirement is not jurisdictional, and is subject to equitable tolling)). However, in the instant case, waiting for the Supreme Court's decision on this matter would serve no purpose, because plaintiff has not asked the Court for equitable tolling in her responses. Nor has she asserted any facts that might support equitable tolling.

six months after notice of final denial of [plaintiff's] administrative claim and this court has subject matter jurisdiction over this matter."  ECF 27 at 1.

Ms. Horsey does not explain why she believes the suit was timely commenced.  *Id*.  And, her conclusory assertion in the Amended FTCA Response is plainly controverted by the facts alleged in the Complaint.  *See* ECF 1 ¶ 4 (filed December 10, 2014) (alleging plaintiff's administrative claim "was denied on November 4, 2013").  Of course, if plaintiff  meant for her Amended FTCA Response to incorporate the argument made in her FTCA Response, then the argument in her Amended FTCA Response simply reiterates her contention that an "action is begun" within the meaning of 28 U.S.C. § 2401(b) when a plaintiff files an administrative claim with a State agency, such as HCADRO.  *See* ECF 26-1 at 1-3.

In any event, plaintiff offers no support for her argument that an action is begun under the FTCA when a plaintiff files an administrative claim with a State agency.  In its FTCA Memo, the Government cites a number of cases in which suits were dismissed where the plaintiffs failed to file complaints in federal court within six months of the date of mailing of the final denial of their administrative claims.  *See* ECF 23-1 at 4-5.  Plaintiff argues that none of these cases contradict her argument because none of them considered the question at hand.  *See* ECF 26-1 at 1-2.  Even if that were true, the plain meaning of the statutory text is that an "*action* is begun" when it is filed in court.  28 U.S.C. § 2401(b) (emphasis added); *see also Gould*, 905 F.2d at 741 (stating § 2401(b) sets out a "jurisdictional prerequisite to suit under the Act"); *see also Raplee v. United States*, PWG-13-01318 (ECF 18) (Letter Order memorializing rulings made during a hearing in February 2014 and stating that "filing a claim with the [HCADRO] is a substantive

precondition to commencing a suit in the U.S. District Court, but such a filing does not begin an 'action' for the purposes of the" FTCA).

To the best of my knowledge, federal courts have uniformly assumed that § 2401(b)'s six-month limitation sets out a limitation of plaintiff's time to file suit in federal court. *See*, *e.g.*, *Gould*, 905 F.2d at 741. Plaintiff offers no argument as to why the plain meaning of the statute is ambiguous on this point, or why, if it is, this Court should interpret it any differently than the *Raplee* Court. *See* ECF 18 *in Raplee*, PWG-13-01318.

Moreover, as the Government argues, the question is "academic" because, "[e]ven if instituting a suit with HCADRO were sufficient to satisfy the FTCA's six-month requirement, . . . Plaintif[f] still failed to file [her] action with HCADRO within" six months of the date of mailing of the final denial of plaintiff's administrative claim. ECF 23-1 at 7 n.3. Again, the Denial Notice was mailed on November 4, 2013. Denial Notice, ECF 23-4 at 2. The six-month period in which an "action" must be "begun" expired, at best, on May 5, 2014.[3] But, plaintiff did not file her HCADRO Claim until May 6, 2014. HCADRO Claim, ECF 23-5. As the Government points out in its Reply, ECF 31 at 4, plaintiff does not address this argument in either of her responses, nor does she dispute the date she filed her claim with the HCADRO.

Accordingly, for the foregoing reasons, plaintiff's claims against the Government must be dismissed for lack of subject matter jurisdiction, because plaintiff's "action" was not "begun"

---

[3] May 4, 2014 is six months after November 4, 2013. However, May 4, 2014 was a Sunday. Citing Fed. R. Civ. P. 6, which sets out the rule for computing time "in any statute that does not specify a method of computing time," the Government asserts that plaintiff's time to file expired on Monday, May 5, 2014, because Rule 6(a)(1)(B) provides that "Saturdays, Sundays, and legal holidays" are not counted. I will assume, *arguendo*, that Rule 6(a)(1)(B) applies to § 2401(b) in this way.

within six months after the date of mailing of the Denial Notice, *i.e.*, the denial of her administrative claim.

## B. Peninsula Motion: Claims Against Peninsula

As stated, Peninsula filed a motion to dismiss for lack of subject matter jurisdiction, asking the Court to decline to exercise supplement jurisdiction over plaintiff's claims against it if the Court dismisses plaintiff's claims against the Government.  Peninsula Motion, ECF 28; *see also* 28 U.S.C. § 1367(c)(3).  And, as stated, Horsey does not oppose the Peninsula Motion, "[i]n the event that the federal claims are dismissed … ."  *See* Peninsula Response, ECF 29 at 1.  But, she asks that she "be afforded the opportunity to voluntarily dismiss her non-federal claims rather than have them dismissed by the Court."  *Id*.  Accordingly, I will hold the Peninsula Motion in abeyance, in order to permit plaintiff to voluntarily dismiss her claims against Peninsula.

## Conclusion

For the foregoing reasons, I will grant the FTCA Motion (ECF 23), in part, and deny it, in part.  I will dismiss plaintiff's claims against the United States of America, with prejudice.  I will deny as moot the request for dismissal of defendant Three Counties, contained within the FTCA Motion, in light of my Order granting the Government's Consent Motion.  *See* ECF 32 (Order dismissing defendant Three Counties).  I will also deny as moot the Transfer Motion (ECF 21), in light of the reassignment of the case to this Court.

A separate Order follows, consistent with this Memorandum.

Date: April 7, 2015                              _____/s/_____
                                                 Ellen Lipton Hollander
                                                 United States District Judge

- 11 -